FILED
United States Court of Appeals
Tenth Circuit

June 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER R. KEMP,

Defendant - Appellant.

No. 10-3033
(D. Kansas)
(D.C. Nos. 2:09-CV-02190-CM and
2:06-CR-20082-CM-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

Christopher R. Kemp, a federal prisoner, seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Kemp's request for a certificate of appealability

("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a

"final order in a proceeding under section 2255" unless the movant first obtains a

COA). Because Kemp has not "made a substantial showing of the denial of a

constitutional right," this court **denies** his request for a COA and **dismisses** this

appeal. *Id*. § 2253(c)(2).

Kemp was charged in a two-count indictment with being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and

with possessing an unregistered firearm, in violation of 26 U.S.C. § 5841, 5861(d), and 5871. Kemp entered into a written plea agreement with the Government. He agreed to plead guilty to possessing the unregistered firearm and the Government agreed to (1) dismiss the felon-in-possession charge, (2) not file any additional charges against him arising out of the incident, and (3) recommend that he receive a two-level reduction in his offense level for acceptance of responsibility. The written plea agreement also contained a waiver of Kemp's right to directly appeal or collaterally attack his conviction and sentence.

Notwithstanding the waiver, Kemp filed the instant § 2255 motion containing a challenge to his sentence. In its response, the Government sought to enforce the waiver. The district court concluded (1) the issues Kemp sought to raise fell within the scope of the appeal waiver and (2) he knowingly and voluntarily entered into the plea agreement and waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004). The court further concluded that enforcing the waiver would not result in a miscarriage of justice, applying *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) and rejecting Kemp's argument that the waiver was rendered invalid by the ineffective assistance of counsel in connection with its negotiation. *See Hahn*, 359 F.3d at 1325-27; *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Accordingly, the district court enforced the waiver and denied Kemp's § 2255 motion.

In his counseled appellate brief, Kemp argues (1) the waiver was not made knowingly and voluntarily and (2) enforcement of the waiver constitutes a miscarriage of justice because he received ineffective assistance of counsel in connection with the negotiation of the waiver. Kemp also argues the district court abused its discretion by not holding an evidentiary hearing. This court cannot reach the merits of the claims raised in Kemp's § 2255 motion unless we first grant him a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Kemp must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Kemp has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Kemp need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Kemp's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Kemp

is not entitled to a COA. The district court's resolution of Kemp's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Because Kemp's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Accordingly, this court **denies** Kemp's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge